Filed 12/31/25  P. v. Busby CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102127 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 24FE00474) |
| PHILLIP ROBERT BUSBY, | |
| Defendant and Appellant. | |

Defendant Phillip Robert Busby pleaded no contest to robbery of a local supermarket.  On appeal, he contends that the trial court abused its discretion in denying his motion for pretrial mental health diversion under Penal Code section 1001.36.[1]  The People concede that the court erred in finding Busby ineligible for diversion.  The concession is well taken.  We conditionally reverse the judgment, vacate the trial court's order denying diversion, and remand the matter for a new hearing on Busby's motion.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In October 2023, Busby and a companion entered a supermarket. Busby took various items, placed them in a bag, and left the store without paying. The store's loss prevention officer confronted Busby, and a struggle ensued. Busby eventually grabbed the bag from the officer and fled the scene.

The People charged Busby with second degree robbery. (§ 211.) They further alleged that he had a prior strike based on a 2018 conviction for first degree burglary. (§§ 667, subds. (b)-(i), 1170.12.)

In July 2024, Busby filed a motion for mental health diversion under section 1001.36. His motion attached a report from a Licensed Clinical Social Worker (LCSW) stating that he had been diagnosed with anxiety and depression and that he "was likely experiencing ongoing symptoms of anxiety" during the alleged crime.

The prosecution opposed the motion, arguing that Busby had failed to present sufficient evidence of his diagnosis. The People also maintained that clear and convincing evidence showed that Busby's mental health disorder was not a significant factor in the commission of the charged offense. The prosecution attached copies of Busby's criminal record as well as police reports from the current and prior offenses.

During an August 2024 hearing on the motion, the trial court asked Busby to focus his argument on the nexus between his mental disorders and the alleged crime. Busby argued that symptoms of depression "include impaired decision making, difficulty thinking, feelings of hopelessness, and decreased emotional regulation." He noted the LCSW's opinion that he was likely experiencing ongoing symptoms of anxiety during the alleged crime. Busby also told responding law enforcement officers that he was in difficult economic circumstances because of his mental health, leading him to take items from the store.

The prosecution argued that the police reports and Busby's criminal history, which included three prior thefts, supplied clear and convincing evidence that his anxiety and

2

depression were not significant motivating factors in the offense.  The prosecution noted that, in talking to responding officers, Busby initially denied any criminal activity but eventually admitted that he had committed petty theft.  And nothing in the police reports from his prior convictions indicated that Busby experienced symptoms of anxiety or depression during those crimes.  Instead, the prosecution argued, Busby was "motivated by his criminally entrenched lifestyle."

The trial court denied Busby's motion.  The court was "fine with the report provided by the clinician," and it "accept[ed] those reports . . . at kind of face value as to what they put forward."  But the court was "not convinced whatsoever that it was anxiety or depression that was causal whatsoever in terms of his actions in this matter.  I think this is a young man who has profound economic pressures that are placed on him in trying to provide.  And I'm not here to cast any sort of moral judgment on that; it's unfortunate to be sure.  And here, this was frankly just good old-fashioned thieving, which he's done previously.  And he got away with it.  He actually got out of the store with the duffel bag – right – and drove away.  [¶]  And whether or not ultimately the People can prove a robbery and the like if the case proceeds to trial, you know, that's for a different day and a different [c]ourt.  But this is – basically it's a theft matter and a commercial burglary.  And he went in there for a distinct purpose of stealing, not because he – I think he can have anxiety in doing it.  That doesn't then negate what he did."  Based on these findings, the court ruled that Busby was not eligible for mental health diversion.

The following month, Busby pleaded no contest to the robbery charge and admitted the prior strike.[2]  He stipulated to a four-year prison sentence (the low term of two years, doubled due to the prior strike).  The trial court sentenced him accordingly.

---

[2] Busby also pleaded no contest to misdemeanor driving under the influence in a case not at issue in this appeal.

Busby timely appealed and obtained a certificate of probable cause. The matter was fully briefed in this court in October 2025.

DISCUSSION

Section 1001.36 authorizes a trial court to grant mental health diversion to defendants who satisfy the eligibility and suitability requirements set forth in the statute. (§ 1001.36, subd. (a).) A defendant is "eligible" for diversion if he or she has been diagnosed with a qualifying mental disorder and that disorder "was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(1) & (2).) "If the defendant has been diagnosed with a mental disorder, the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense. A court may consider any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, statements by the defendant's mental health treatment provider, medical records, records or reports by qualified medical experts, or evidence that the defendant displayed symptoms consistent with the relevant mental disorder at or near the time of the offense." (§ 1001.36, subd. (b)(2).) A defendant is "suitable" for diversion if the defendant's symptoms would respond to mental health treatment, the defendant consents to diversion and waives the right to a speedy trial, the defendant agrees to comply with treatment as a condition of diversion, and the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. (§ 1001.36, subd. (c)(1)-(4).)

We review a trial court's denial of mental health diversion for abuse of discretion. (*Lacour v. Superior Court* (2025) 110 Cal.App.5th 391, 401.) A " 'court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence.' " (*Ibid.*) "When reviewing a finding that a fact

has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011.) In "making this assessment the appellate court must view the record in the light most favorable to the prevailing party below and give due deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*Id.* at p. 996.)

The parties in this case agree that there is no substantial evidence supporting the trial court's finding, by clear and convincing evidence, that Busby's mental health disorder lacked the requisite causal connection to the charged offense. We agree as well.

Under the statute, a trial court must presume that a defendant's diagnosed mental disorder was a significant factor in the commission of the crime, "unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (§ 1001.36, subd. (b)(2).) The prosecution bears the burden of presenting such clear and convincing evidence. (*Lacour v. Superior Court*, *supra*, 110 Cal.App.5th at p. 404.) "[T]he absence of evidence proving that [a defendant's] mental disorder *was* a factor in the commission of the offenses is not substantial evidence supporting a finding by clear and convincing evidence that [a defendant's] mental disorder *was not* a factor in the commission of the offenses." (*Ibid.*)

Here, the trial court accepted the LCSW's report, which diagnosed Busby with anxiety and depression and which opined that he "was likely experiencing ongoing symptoms of anxiety" during the alleged offense. The court was nevertheless "not convinced whatsoever" that anxiety or depression was "causal whatsoever in terms of his actions in this matter." This reasoning suggests that the court erroneously shifted the burden to Busby to prove that his mental health disorder contributed to the offense. (See

5

*Lacour v. Superior Court*, *supra*, 110 Cal.App.5th at p. 404.)  The court further found that Busby was facing "profound economic pressures" that led him to engage in "good old-fashioned thieving," as he had before.  But the facts that Busby was experiencing economic hardship and had engaged in prior theft offenses are not substantial evidence supporting a finding that it is highly probable that Busby's mental health disorders were not a motivating factor in the robbery.

## DISPOSITION

The judgment is conditionally reversed, the order denying Busby's motion for mental health diversion is vacated, and the matter is remanded for the trial court to reconsider Busby's diversion motion consistent with this opinion.  If the trial court again denies the motion, the judgment shall be reinstated.


        /s/
        FEINBERG, J.



We concur:



    /s/
HULL, Acting P. J.



    /s/
ROBIE, J.